UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Naykima Tinee Hill,

            Petitioner,    Case No. 14-cv-10350

v.                                Judith E. Levy
                                 United States District Judge

Milicent Warren,

            Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS, AND GRANTING A CERTIFICATE OF APPEALABILITY [1]**

Naykima Tinee Hill (Petitioner) has filed a petition for a writ of habeas corpus, through her attorney Gerald M. Lorence, pursuant to 28 U.S.C. § 2254. In her application, Petitioner challenges her conviction of three counts of armed robbery, M.C.L.A. § 750.529, and one count each of first degree home invasion, M.C.L.A. § 750.110a(2), extortion, M.C.L.A. § 750.213, and unlawful imprisonment, M.C.L.A. § 750.349b. For the reasons stated below, the petition for a writ of habeas corpus is denied.

## I.  BACKGROUND

Petitioner was convicted following a jury trial in the Saginaw County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

> On the morning of March 7, 2007, Sherry Crofoot and her 13 year-old daughter, Samantha, were at their home on Cleveland Street in Saginaw. With them was Sherry's grandmother, Florence Karien. Samantha answered a knock at the door to find a black woman wearing a brown coat with a fur-trimmed hood standing on the porch. The woman, who was swaying and appeared disoriented, asked to use the Crofoots' phone and for a ride, both of which Sherry refused. When Sherry attempted to close the door, the woman pushed her way in, knocking Sherry back into the room. Inside the house, the woman punched Karien several times in the face, and then pulled Sherry into the bedroom. Grabbing a knife, the woman threatened Sherry with it and demanded money. Samantha brought her Karien's purse, and some money of her own. Eventually, the woman left the home.

*People v. Hill*, Case No. 290031, 2010 WL 1873105, at *1 (Mich. App. May 11, 2010).

2

Petitioner's conviction was affirmed in part and reversed in part on appeal. *Id*. The Michigan Supreme Court reversed and reinstated Petitioner's conviction. *People v. Hill*, 489 Mich. 881 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds. First, Petitioner argues that the trial court violated the Confrontation Clause of the Sixth Amendment by admitting hearsay testimony from a witness whom the prosecutor failed to produce at trial, and that the Michigan Supreme Court was in error in finding that admission of the testimony was harmless error. Second, Petitioner argues that the trial court violated her Sixth Amendment right to present a defense by denying her motion to appoint an expert witness on eyewitness identification. In so doing, the trial court allegedly abused its discretion. Third, Petitioner argues that she was denied effective assistance of counsel, in pre-trial and trial matters, by counsel's erroneous and outcome-determinative mistakes, which prejudiced her and her Sixth Amendment right to a fair trial. Finally, Petitioner argues that she was denied effective assistance of counsel at the appellate level because counsel failed to raise significant claims in her appeal as of right to the Michigan Court of Appeals. (Dkt. 1 at 17.)

3

## II. STANDARD OF REVIEW

Section 2254(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA) prohibits a court from granting habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication" resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established law "if the state court applies a rule that contradicts the governing law set forth in" Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). An unreasonable application of clearly established law occurs when a state court's application of the law is "objectively unreasonable." *Id.* at 75–76. To meet this standard, a court may not rely only on "its

4

independent judgment that the relevant state-court decision applied [the law] erroneously or incorrectly." *Id.*

Under AEDPA's "highly deferential standard for evaluating state-court rulings," a federal court must presume "that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). "Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Rather, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* at 102. Habeas relief is not appropriate unless each ground that supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, ___ U.S. ___, 132 S. Ct. 1195, 1199 (2012).

5

## III. DISCUSSION

### A. Claim One: Confrontation Clause

Petitioner contends that the trial court violated the Confrontation Clause of the Sixth Amendment by admitting hearsay from a witness who did not testify at trial, and that the Michigan Supreme Court erred in holding that admission of the statement was harmless. (Dkt. 1 at 27–28.) At trial, the prosecution was permitted to introduce Jacqueline Sistrunk's statement that she saw the Petitioner wearing "a brown hooded coat with fur around it," even though Sistrunk did not testify at trial. The Michigan Court of Appeals and Michigan Supreme Court agreed that admission of Sistrunk's out-of-court statement violated Petitioner's Sixth Amendment right to confrontation, but the Michigan Supreme Court found the admission to be harmless.

On habeas review, a court may choose whether to first review the question of whether a state court's harmless error analysis was unreasonable or to first apply the *Brecht* test to determine whether the trial error complained of "had substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Pliler*, 551 U.S. 112, 119–20 (2007); *Ruelas v. Wolfenbarger*, 580 F.3d 403, 412–13 (6th Cir.

6

2009). As the Sixth Circuit has clarified, the *Brecht* test effectively covers both inquiries, and a court need not conduct both inquiries in all cases. *Ruelas*, 580 F.3d at 412–13.

This Court will assess whether the Michigan Supreme Court's harmlessness determination regarding the admission of the out-of-court statement was "objectively unreasonable." In determining whether a Confrontation Clause violation is harmless, a court must consider the facts of the case and the following factors: "(1) the importance of the witness' testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross examination otherwise permitted; and (5) the overall strength of the prosecution's case." *Jensen v. Romanowski*, 590 F.3d 373, 379 (6th Cir. 2009); *see also Vasquez v. Jones*, 496 F.3d 564, 574 (6th Cir. 2007) (holding that Confrontation Clause violations are subject to harmless error review).

The Michigan Supreme Court held that substantial evidence existed to support Petitioner's convictions independent of the hearsay evidence:

7

> We REVERSE the judgment of the Court of Appeals in part because the admission of Jacqueline Sistrunk's out-of-court statement that she saw defendant wearing 'a brown hooded coat with fur around it,' was harmless error because it is clear beyond a reasonable doubt that the jury verdict would have been the same absent this error. The prosecutor presented eyewitness identification testimony of the three victims who each independently identified defendant as their assailant. Such identification testimony was clear and unambiguous, and occurred after each victim had a full and sustained opportunity to observe defendant during their 25 to 30 minute ordeal. In addition, each victim identified the coat that was the subject of Sistrunk's out-of-court statement as the one worn by defendant during the attack. Therefore, even absent Sistrunk's out-of-court statement, the victims were able to connect the coat worn by their assailant to defendant. Further, two of the victims identified the knife that was found in the pocket of the coat as the knife that was taken from their home and wielded by defendant during the attack. Accordingly, due to this substantial identification evidence, any error in the admission of Sistrunk's statement was harmless beyond a reasonable doubt.

*People v. Hill*, 489 Mich. at 882 (internal citations omitted).

In light of the evidence against Petitioner, exclusive of the out-of-court statement, the record demonstrates that the Michigan Supreme Court reasonably found the admission of Sistrunk's hearsay statement to be harmless error. Not all of the evidence presented by the prosecution and relied on by the Michigan Supreme Court was

8

consistent or strongly suggested Petitioner's guilt, as emphasized by Justice Kelly's partial concurrence and dissent. *See* 489 Mich. at 882–84. However, because harmless error review permits a state court to conduct "an evaluation of the totality of the evidence," *Kennedy v. Warren*, 428 F. App'x 517, 522 (6th Cir. 2011), Petitioner has not demonstrated that there is "no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. Accordingly, this Court is unable to find that the Michigan Supreme Court's harmless error analysis was "objectively unreasonable," and Petitioner is not entitled to habeas relief on her first claim.

**B. Claim Two:  Appointment of an Eyewitness Expert**

Petitioner next argues that the trial court violated her Sixth Amendment right to present a defense when it denied her motion to appoint an expert witness on the issue of eyewitness identification. (Dkt. 1 at 44.) Petitioner first raised her motion for a court-appointed expert on the day of her trial, and the trial court denied the motion as untimely. (Dkt. 6, Ex. 9 at 6.) Respondent argues that Petitioner has procedurally defaulted this claim and has not demonstrated cause and prejudice to excuse this default. (Dkt. 5 at 40–41.)

"A federal court will not review the merits of claims . . . that a state court declined to hear because the prisoner failed to abide by a state procedural rule" provided that the procedural rule is an adequate and independent state ground. *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1316 (2012). To be an adequate and independent state ground, the procedural rule must be "firmly established" and "the last state court" to rule on the issue must have "clearly and expressly stated that its judgment rested on a procedural bar." *Johnson v. Smith*, 219 F. Supp. 2d 871, 878 (E.D. Mich. 2002) (quoting *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996)). If the state court bases its decision on a substantive and alternative procedural ground, "the procedural default bar is invoked and the petitioner must establish cause and prejudice" to obtain federal review of the habeas petition. *Id.* at 879.

In this case, the Michigan Court of Appeals "decline[d] to address the issue because the trial court's reason for the denial was a lack of timeliness, and [because] the issue is moot." (Dkt. 6, Ex. 25 at 3.) Assuming that mootness is not a substantive basis for decision, this Court looks to the "last reasoned state court-decision disposing of the claim." *Henderson v. Palmer*, 730 F.3d 554, 560 (6th Cir. 2013) (quoting

10

*Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc)). In this case, the last court to address the motion for an expert witness was the trial court, which denied the motion as untimely. Although neither the Michigan Court of Appeals nor the trial court expressly referenced the name of a rule, it is clear that both courts were relying on MCR 2.401(I), which states that "[n]o later than the time directed by the court under subrule (B)(2)(a) [scheduling orders], the parties shall file and serve witness lists," and provide the required information about the witnesses. Application of this Michigan Rule of Civil Procedure is discretionary, but this does not necessarily disqualify the rule as a procedural bar for the purposes of federal habeas review. *Beard v. Kindler*, 558 U.S. 53, 60–61 (2009). Here, mandatory application "would be more likely to impair [the trial judge's] ability to deal fairly with a particular problem than to lead to a just result" because it would deny judges the ability to address the circumstances of each case. *See id.* at 61. Further, MCR 2.401(I) has long been recognized and followed regularly by the state courts. *See, e.g., Todd v. Steiner*, Case No. 234007, 2003 WL 1950236, at *2, 4–5 (Mich. App. Apr. 24, 2003) (discussing MCR 2.401(I) and noting that it is firmly within the

11

authority of the trial court to enforce pretrial scheduling orders); *Kapp v. Evenhouse*, Case No. 216020, 2001 WL 716786, at * 2, 4 (Mich. App. Mar. 6, 2001) (upholding exclusion of untimely filed witness list); *In re SM*, Case No. 220706, 2000 WL 33389746, at *2 (Mich. App. Dec. 26, 2000) (same). Accordingly, MCR 2.401(I) constitutes an adequate and independent state ground that procedurally bars Petitioner's claim.

Petitioner's claim is procedurally defaulted unless she can demonstrate cause and prejudice. Petitioner argues that she received ineffective assistance of counsel at the trial and appellate levels, but these claims lack merit, as discussed below. Accordingly, Petitioner has not demonstrated cause to excuse her procedural default.

### C. Claims Three and Four: Ineffective Assistance of Counsel

Petitioner brings several claims of ineffective assistance of counsel. First, Petitioner argues that trial counsel was ineffective because he (1) did not file a timely motion for an eyewitness expert; (2) failed to file a timely appeal of the issue to the Michigan Supreme Court after the Michigan Court of Appeals denied Petitioner's application for interlocutory review; and (3) decided to admit excludable and prejudicial testimony. (Dkt. 1 at 45–46.) These three errors allegedly

12

prejudiced Petitioner individually and cumulatively. (*Id.* at 46.) Second, Petitioner argues that appellate counsel was ineffective because he (1) failed to raise an ineffective assistance of counsel claim on appeal, and (2) other unspecified claims – ostensibly the other claims petitioner raises in this petition – on appeal. (Dkt. 1 at 71–72.) Respondent contends that Petitioner is procedurally defaulted on the claim against trial counsel and that she has not satisfied the ineffective assistance of counsel standard for either claim. (Dkt. 5 at 52–53, 59, 68.)

i. Procedural Default of Ineffective Assistance of Trial Counsel

After Petitioner directly appealed her conviction to the Michigan state courts, she moved for relief from judgment in the state trial court, asserting that her trial counsel had been ineffective. (Dkt. 6, Ex. 34 at 1–2.) The trial court denied Petitioner's motion, holding that there was no evidence to show that "but for the alleged error, Defendant would have a reasonably likely change [sic] of acquittal." (Dkt. 6, Ex. 33 at 2.) The court did not cite a specific procedural rule, but it is clear that the court's ruling was an application of MCR 6.508(D)(3)(b)(i), which states that a defendant is not entitled to post-appeal relief from a conviction unless "but for the alleged error, the defendant would have had a

13

reasonably likely chance of acquittal." The text of the rule is nearly verbatim what the trial court wrote, indicating that the trial court relied on this procedural rule to deny petitioner's motion.

The Sixth Circuit has held that MCR 6.508(D)(3) is an adequate and independent state ground sufficient for procedural default. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (describing MCR 6.508(D)(3) as a "procedural-default rule"). Petitioner could have brought her ineffective assistance of trial counsel claims on direct appeal and is therefore procedurally defaulted unless she can show cause and prejudice. Petitioner has also asserted ineffective assistance of appellate counsel, but this claim is without merit as set forth below. Accordingly, Petitioner has not demonstrated cause to excuse her procedural default and is procedurally defaulted on her ineffective assistance of trial counsel claim. *See Martin v. Mitchell*, 280 F.3d 594, 606 (6th Cir. 2002) (noting that ineffective assistance of appellate counsel cannot constitute cause if the underlying claims have no merit); *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (holding that ineffective assistance of appellate counsel can serve as cause to excuse procedural default if the claim has merit).

14

ii. Ineffective Assistance of Appellate Counsel

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985). To show that she was denied the effective assistance of counsel, Petitioner must demonstrate that "counsel's performance was deficient and that [she] was prejudiced as a result." *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington*, 562 U.S. at 112). "Appellate counsel cannot be found to be ineffective for failure to raise an issue that lacks merit." *Shaneberger*, 615 F.3d at 452.

The claims Petitioner argues should have been raised by appellate counsel are without merit. First, as discussed above, any violation of

15

Petitioner's right to confrontation was, according to the state courts, harmless error. Second, there is no clearly established right to an eyewitness expert, as the Supreme Court has never held this to be the case. Other federal courts have also reached this conclusion. *See, e.g.*, *Ford v. Dretke*, 135 F. App'x 769, 771–72 (5th Cir. 2005) (requiring appointment of an expert on eyewitness identification would be a new rule); *Jackson v. Ylst*, 921 F.2d 882, 886 (9th Cir. 1990) (habeas petitioner's claim that his due process rights were violated when he was denied the appointment of an expert on eyewitness identification proposed a new rule); *Spencer v. Hofbauer*, U.S.D.C. No. 2:06 12133, 2008 WL 324098, *9 (E.D. Mich. Feb. 6, 2008) (no clearly established Supreme Court law which requires the appointment of an expert in eyewitness identification). Thus, appellate counsel's performance was not deficient in raising this claim on appeal.

Finally, Petitioner is unable to demonstrate prejudice from any errors trial counsel may have made and therefore cannot meet the *Strickland* standard. The Michigan Supreme Court reasonably found that any errors made by trial counsel were harmless error given the amount of evidence supporting Petitioner's conviction. And, Petitioner

16

has not established prejudice from trial counsel's failure to file an interlocutory appeal regarding testimony of an expert on eyewitness identification because she failed to show that the Michigan Supreme Court would have been likely to grant her application for leave to appeal and order the appointment of such a witness. *See, e.g.*, *McKenzie v. Jones*, 100 F. App'x 362, 363–65 (6th Cir. 2004).

In sum, the claims that Petitioner argues her appellate counsel should have raised on direct appeal lack merit, and Petitioner therefore cannot establish that appellate counsel's performance fell below the *Strickland* standard.

## IV.  REQUEST FOR CERTIFICATE OF APPEALABILITY

The Court hereby denies the petition for a writ of habeas corpus, but will grant a certificate of appealability. Petitioner's constitutional claims have been rejected on the merits, but she has demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003), as evidenced by Justice Kelly's partial dissent. *See* 489 Mich. at 882–84. Accordingly, the Court will issue a certificate of appealability.

**V. ORDER**

Accordingly, the petition for a writ of habeas corpus is DENIED with prejudice. The request for a certificate of appealability is GRANTED.

IT IS SO ORDERED.

Dated: November 1, 2016  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 1, 2016.

  s/Felicia M. Moses
  FELICIA M. MOSES
  Case Manager