**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Naykima Tinee Hill,

                Petitioner,      Case No. 14-cv-10350

v.                          Judith E. Levy
                                United States District Judge

Milicent Warren,

                Respondent.

_____/

**OPINION AND ORDER GRANTING MOTION FOR EXTENSION
OF TIME TO FILE AN APPEAL, DENYING WITHOUT
PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL [13],
AND REISSUING OPINION AND ORDER DENYING PETITION
<u>FOR A WRIT OF HABEAS CORPUS [11]</u>**

On November 1, 2016, this Court denied Petitioner Naykima Tinee

Hill's application for a writ of habeas corpus brought pursuant to 28

U.S.C. § 2254, but granted her a certificate of appealability.  (Dkt. 11.)

Petitioner filed a letter with this Court on or about June 9, 2017,

which the Court will construe as a motion for an extension of time to file

a notice of appeal and for appointment of counsel.  (Dkt. 13.)  Petitioner

alleges that her former attorney never informed her that the petition for

a writ of habeas corpus was denied, and never gave her a copy of that

opinion, and she was therefore unable to file a timely appeal. (*See* Dkt. 13.) She further argues that she diligently attempted to contact him, via mail and family members, and that he failed to respond. (*Id.*)

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is "mandatory and jurisdictional," *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978), and failure "to timely file a notice of appeal deprives an appellate court of jurisdiction." *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998).

Under Fed. R. App. P. 4(a)(5)(A), a district court may extend the time to file a notice of appeal if:

(i)     a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii)    that party shows excusable neglect or good cause.

Petitioner is not entitled to an extension of time to file an appeal based upon Fed. R. App. P. 4 (a)(5)(A) because she moved for an extension of time to file an appeal more than thirty days after the original period to file a notice of appeal expired.

Fed. R. App. P. 4(a)(6) permits a district court to reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered provided that the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6); 28 U.S.C. § 2107; *Martin v. Straub,* 27 F. App'x 337, 338 (6th Cir. 2001).

Petitioner filed her motion to extend the time to file an appeal more than 180 days after this Court entered the order denying habeas relief. Although Fed. R. App. P. 4(a)(6) provides that the time for filing an appeal can be reopened when a litigant does not receive notice of a judgment, "the 180-day limitation in the Rule [is] 'specific and unequivocal.'" *Bowles v. Russell,* 432 F.3d 668, 673 (6th Cir. 2005); *see also* Advisory Committee Notes to Rule 4(a)(6). Thus, the motion is

untimely, and the Court cannot extend the time to appeal under Fed. R. App. P. 4(a)(6). *Hall v. Scutt*, 482 F. App'x 990, 991 (6th Cir. 2012).

Given the circumstances of Petitioner's motion, however, the Court will also construe it as a motion filed pursuant to Fed. R. Civ. P. 60(b). As the Sixth Circuit has said, although "Rule 4(a)(6) represents a mandatory and jurisdictional balancing of the interests of fairness and finality in cases in which there has been a notice problem, nothing in the drafting history of Rule 4 suggests that the drafters intended Rule 4(a)(6) to be the sole means of accommodating all equitable considerations." *Tanner v. Yukins*, 776 F.3d 434, 441 (6th Cir. 2015); *see also Lewis v. Alexander*, 987 F.2d 392, 395 (6th Cir. 1993). Thus, a court may also consider a motion under Fed. R. Civ. P. 60(b) "when a notice of appeal is filed late for reasons other than lack of notice." *Tanner*, 776 F.3d at 441.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

4

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or,

(6) any other reason that justifies relief.

The circumstances set forth in Rule 60(b)(1)-(5) are not applicable to Petitioner. But Petitioner is entitled to relief from judgment pursuant to Fed. R. 60(b)(6), which contemplates "unusual and extreme situations where principles of equity mandate relief," *Tanner*, 776 F.3d at 443 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and "should form the basis for relief from judgment 'only in exceptional or extraordinary circumstances which are not addressed by the first five clauses of the Rule.'" *Lewis,* 987 F.2d at 395–96 (quoting *Olle*, 910 F.2d at 365).

Here, the failure of Petitioner's counsel to inform her of this Court's decision and failure to respond to her repeated attempts to contact him about the petition "effectively deprive[d] [her] of a 'last chance'

opportunity" to obtain relief, and therefore amounts to objectively unreasonable behavior. *United States v. Allen*, 53 F. App'x 367, 375 (6th Cir. 2002) (internal quotations omitted); *see also Guerrero v. United States*, 383 F.3d 409, 416 (6th Cir. 2004); *accord Maples v. Thomas*, 565 U.S. 266, 281 (2012) (client cannot be charged with attorney's failures where attorney has effectively abandoned client without notice). Further, Petitioner has demonstrated that there is a reasonable probability that she would have appealed but for counsel's deficient performance, thereby establishing prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

In other words, Petitioner's failure to file a timely appeal was caused by the behavior of her attorney, "circumstances beyond her control," and constitutes an extraordinary circumstance meriting equitable relief. *Tanner*, 776 F.3d at 443 (extraordinary circumstances due to unconstitutional behavior of prison officials). Accordingly, Petitioner's motion for an extension of time is granted.

However, Petitioner's motion for the appointment of appellate counsel is denied without prejudice because any such motion is premature until or unless Petitioner files a Notice of Appeal.

For the reasons set forth above, the motion for an extension of time to file an appeal (Dkt. 13) is GRANTED. Petitioner shall have thirty (30) days from the date of this order to file a Notice of Appeal.

The motion for the appointment of appellate counsel is DENIED WITHOUT PREJUDICE.

It is further ORDERED that the Court's judgment of November 1, 2016, is vacated, and the opinion and order denying the petition for a writ of habeas corpus and judgment entered on that date is reinstated *nunc pro tunc* as of the date of this order.

IT IS SO ORDERED.

Dated: June 21, 2017                   s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 21, 2017.

                                  s/Felicia M. Moses
                                  FELICIA M. MOSES
                                  Case Manager